IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**RAYSHAWN L. STRONG,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　**CASE NO. 1:05CV10-MMP/AK**

**ALACHUA COUNTY DETENTION CENTER, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

In an order dated January 20, 2005, Plaintiff was directed to file an application to proceed in forma pauperis or pay the filing fee on or before February 28, 2005. (Doc. 3). When no such motion had been filed or the filing fee paid, an order to show cause was entered on March 4, 2005, requesting that Plaintiff respond on or before March 23, 2005. (Doc. 4). This Order was returned as undeliverable because Plaintiff was no longer in custody. No forwarding address was provided, and as of this date, Plaintiff has not contacted the Court to advise of his new address.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute.  Link v. Wabash Railroad, 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed2d 734 (1962).  Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order.  Plaintiff has failed to comply with an order of this Court and to keep this Court apprised of his new address. Consequently, this case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice.

**IN CHAMBERS** at Gainesville, Florida, this  **15th**  day of April, 2005.

      **s/ A. KORNBLUM**
      **ALLAN KORNBLUM**
      **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

No. 1:05cv10-MMP/AK